NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
————————

No. 13-2398
————————

UNITED STATES OF AMERICA

v.

BYRAM K. HUFF
a/k/a
BARRAN TOWNES
a/k/a
KHALIL HUFF

Byram K. Huff,
            Appellant

————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-12-cr-00039-001)
District Judge: Honorable Dennis M. Cavanaugh

————————

Submitted Under Third Circuit LAR 34.1(a)
April 7, 2014


Before:  AMBRO, JORDAN, and ROTH, <u>Circuit Judges</u>

(Opinion filed: June 12, 2014)
————————

OPINION
————————

AMBRO, Circuit Judge

Appellant Byram Huff was convicted of possession of a firearm by a felon in violation of 18 U.S.C § 922(g)(1). The District Court declined Huff's request for a downward variance and sentenced him to 120 months' imprisonment. He appeals both his conviction and the substantive reasonableness of his sentence. For the reasons that follow, we affirm.[1]

## I. BACKGROUND AND PROCEDURE

On April 5, 2011, several police officers witnessed Huff remove a handgun from his front waistband and approach a parked car containing four occupants. Suspicious of his intentions, the officers left their vehicles and ordered him to stop. Huff fled and a foot chase ensued. After a brief pursuit, the officers arrested him and recovered a stolen .44 caliber handgun and a bulletproof vest.

Huff was indicted on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He pled not guilty and moved to suppress all physical evidence recovered during the arrest. That motion was subsequently withdrawn.

The prosecution also submitted several pretrial motions, including one to admit the bulletproof vest into evidence. At a pretrial hearing addressing this motion, Huff's counsel informed the Court that he had "no objection to the admissibility of the bulletproof vest." App. at 45. At trial he reiterated that he had "no objection to [the vest] being sent into evidence so the jury can see it." *Id.* at 118.

_____

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction over Huff's conviction under 28 U.S.C. § 1291 and sentencing under 18 U.S.C. § 3742(a).

2

On the same day the trial began, the jury was charged and returned a guilty verdict. Shortly thereafter, Huff moved to discharge his counsel for ineffectiveness and the Court appointed new counsel to represent him at sentencing. *Id.* at 13.

In advance of Huff's sentencing hearing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). According to the PSR, Huff's total offense level was 30—a base offense level of 24, plus two levels for possession of a stolen weapon and four levels for possession of body armor. PSR ¶¶ 17-26; U.S. Sentencing Guidelines Manual §§ 2K2.1(b)(4)(A), (6)(B). The PSR noted that, while Huff's total offense level and criminal history category of VI would ordinarily correspond to a Guidelines range of 168 to 210 months, the statutory maximum under 18 U.S.C. § 922(g)(1) was 120 months.

In response, Huff filed a sentencing memorandum in which he sought, *inter alia*, a downward variance based on (1) miscalculation of his criminal history by counting multiple criminal convictions as separate offenses despite Huff having received concurrent sentences and (2) consideration of the factors of 18 U.S.C. § 3553(a). The Court denied Huff's request, adopted the PSR without change, and sentenced him to 120 months' imprisonment. App. at 28-29, 32-33. He appeals.

## II. DISCUSSION

On appeal, Huff argues that the improper introduction into evidence of the bulletproof vest requires that we vacate his conviction and remand for a new trial. Alternatively, he contends that his sentence is substantively unreasonable and that his case should be remanded for resentencing. We address these arguments in turn.

3

## A. Admissibility of Bulletproof Vest

Huff asserts that the District Court erred in admitting his bulletproof vest into evidence, citing Rules 401 and 403 of the Federal Rules of Evidence. Because defense counsel did not object to its admission, we review for plain error.[2] *See United States v. Olano*, 507 U.S. 725, 734-35 (1993). Under this standard, "before an appellate court can correct error not raised at trial, there must be (1) an error, (2) that is plain, and (3) affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Vazquez*, 271 F.3d 93, 99 (3d Cir. 2001) (*en banc*) (quoting *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)).

Huff claims that the bulletproof vest was irrelevant within the meaning of Rule 401. Under this Rule, evidence is deemed relevant as long as "it has any tendency to make a fact more or less probable than it would be without the evidence[.]" Fed. R. Evid. 401(a). In this case, Huff denies being in possession of a firearm at the time of his arrest. That he was wearing a bulletproof vest during the incident in question increases the probability that he also possessed a gun. *See United States v. Lee*, 612 F.3d 179, 183-85 (3d Cir. 2010) (holding that possession of bulletproof vest is permissible circumstantial

---

[2] The Government argues that plain error review is inappropriate because Huff went beyond merely forfeiting the issue of admissibility and affirmatively waived it. It cites two instances in which Huff's counsel expressly stated that he had no objection to the admission of the bulletproof vest. *See* App. at 45, 118. Because the District Court did not commit plain error, we need not decide whether waiver is possible in this case.

evidence of gun possession). Accordingly, the District Court did not plainly err by admitting the vest into evidence.

Relevance notwithstanding, Huff also argues that the vest should have been excluded from evidence under Rule 403 because it was unnecessary, confusing, and prejudicial. Per the Rule, "[a] court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, the District Court's decision to admit the vest into evidence was not plainly erroneous, as it is "not unfairly prejudicial to suggest that bullet-proof vests and guns often accompany one another." *Lee*, 612 F.3d at 185.

## B. Substantive Reasonableness of Sentence

Huff also contends that his sentence is substantively unreasonable insofar as the District Court's decision was based on (1) an overstatement of his criminal history and (2) an insufficient consideration of his personal background under 18 U.S.C. § 3553(a). We review challenges to final sentences for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence is deemed to be substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (*en banc*). Ultimately, "[t]he touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571

(3d Cir. 2007) (*en banc*) (citing *United States v. Cooper*, 437 F.3d 324, 329-32 (3d Cir. 2006)).  This inquiry is highly deferential, as the sentencing judge is in a better position to make factual determinations and assess their import under § 3553(a).  *Tomko*, 562 F.3d at 566.  Accordingly, "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm."  *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008) (citation omitted).

After reviewing the record and considering the arguments raised on appeal, we are satisfied that the District Court's sentence is substantively reasonable.  The Court gave careful consideration to both the calculation of Huff's offense level and his personal background as required by § 3553(a).  *See* App. at 28-29, 32-33.  Ultimately, it agreed with the Probation Office's assertion that Huff's prior convictions should be counted independently insofar as they resulted from different offenses occurring on different dates.  *Id.* at 28-29.  The Court observed that although Huff "had a rough upbringing, . . . there are a lot of inner-city youths that have a tough time, and many, many of them do not turn to crime."  *Id*. at 32.   Given the extent of Huff's criminal record, it was certainly reasonable for the District Judge to view a sentence of 120 months appropriate in light of § 3553(a).  Discretion was hardly abused.

We thus affirm.